USDC SCAN INDEX SHEET

NMC 3/17/03 14:21

3:03-CV-00527 SNOW V. SAN DIEGO CITY OF

*1*

*CMP.*

ORIGINAL

**MICHAEL A. CONGER, ESQUIRE (State Bar No. 147882)**
**LAW OFFICES OF MICHAEL A. CONGER**
16236 San Dieguito Road, Suite 4-14
**Mailing:** P.O. Box 9374
Rancho Santa Fe, California 92067
Telephone: (858) 759-0200
Facsimile: (858) 759-1906

FILED
03 MAR 17 PM 12:57
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Attorneys for Plaintiffs ERIN SNOW, LISA DARLING, on behalf of themselves and all others similarly situated

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIN SNOW and LISA DARLING, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO: '03 CV 0527 L LSP<br><br>CLASS ACTION COMPLAINT FOR GENDER DISCRIMINATION |

**THIS IS A CLASS ACTION LAWSUIT.**

**I.**

**INTRODUCTION**

1. This is a class action lawsuit brought by the plaintiffs, ERIN SNOW and LISA DARLING, each of whom is presently employed by the City of San Diego as a lifeguard. The plaintiffs bring this suit on their own behalf and for all those other similarly situated or who have been affected by the discriminatory practices alleged in this complaint. The definition of the class is set forth in Paragraph 15 of this complaint.

///

///

///

## II.

## JURISDICTION AND VENUE

2. Federal question jurisdiction over plaintiffs' federal claims is proper under 28 U.S.C. §1331.

3. Venue over plaintiffs' federal claims is proper under 28 U.S.C. §1391(b)(2)..

## III.

## FACTUAL ALLEGATIONS

4. In 1918, prompted by the drowning of 13 people on a single day in Ocean Beach, the City of San Diego began employing lifeguards to enhance public safety to users of San Diego's coastline and ocean waterways. Women were not hired by the City's Lifeguard Services until the 1970s.

5. The San Diego Lifeguard Service administration includes a Lifeguard Chief, five Lieutenants, and 13 Sergeants, 74 permanent lifeguards (Lifeguards IIs), and approximately 200 seasonal temporary lifeguards (Lifeguard Is).

6. Employees of the City's Lifeguard Service can earn extra pay if they are assigned to the Cliff, River, or Dive Rescue Teams.

7. Currently and for the past several years, the Chief, all Lieutenants, and all Sergeants are male.

8. All but six permanent lifeguards (Lifeguard IIs) are male.

9. Additionally, the Cliff, River, and Dive Rescue Teams have only one female out of the approximately 36 increased-pay positions available.

10. The City of San Diego and its Lifeguard have discriminated and continue to discriminate against women by denying them the opportunity for promotion and other employment opportunities.

11. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 to 20, inclusive, are unknown to plaintiff, who therefore sue said defendants by such fictitious names.

12. Plaintiffs are informed and believe and thereon allege that each of the defendants

designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to plaintiff as herein alleged. Plaintiffs will seek leave of court to amend this complaint to set forth the true names and capacities of such named defendants when their identities become known.

13. Plaintiffs are informed and believe and thereon allege that each defendant named in this action, including DOE defendants, at all relevant times, was the agent, ostensible agent, servant, employee, representative, assistant, joint venturer, and/or co-conspirator of each of the other defendants, and was at all times acting within the course and scope of his, her, or its authority as agent, ostensible agent, servant, employee, representative, joint venturer, and/or co-conspirator, and with the same authorization, consent, permission or ratification of each of the other defendants.

## IV.

## CLASS ACTION ALLEGATIONS

14. This action is brought under Federal Rule of Civil Procedure 23.

15. The plaintiff class consists of all women have been denied equal employment opportunities by the City of San Diego's Lifeguard Service.

16. This action is properly brought and maintained as a class action under Rule 23 because:

(a) The questions and issues of law and fact raised are of common and general interest affecting the class;

(b) The plaintiff class is estimated to contain in excess of 300 individuals and it is impractical to bring all members of the class individually before the court;

(c) The questions of law or fact common to the class are substantially similar and predominate over those questions that affect individual members. These common questions include:

(i) Whether females have been and/or are discriminated against;

(ii) Whether such discrimination violates the provisions of 42 U.S.C.

§2000e-2;

(iii) Whether such discrimination violates the provisions of the California Government Code §12940;

(iv) The appropriate statutes of limitations for retroactive relief to class members affected by any of the foregoing violations;

(v) Appropriate prospective relief;

(vi) Appropriate injunctive relief;

(vii) Is the plaintiff class entitled to prejudgment interest?;

(viii) Is the plaintiff class entitled to attorney's fees?;

(ix) What are the proper *in limine* rulings and evidentiary rulings?

(d) The claims of the representative plaintiffs are typical of those of the class;

(e) The representative plaintiffs will fairly and adequately protect the interests of the class, have no interests which conflict with the class, and have retained attorneys experienced in the prosecution of class and multi-plaintiff litigation to represent the class herein;

(f) The prosecution of separate actions by individual members of the class will create a risk of:

(i) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible retirement benefits for persons similarly-situated to plaintiffs; or

(ii) adjudications with respect to some individual members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications; or

(iii) adjudications which would substantially impair or impede the ability of individual members to protect their interests;

(g) A plaintiff class action is superior to other available methods for the fair and efficient adjudication of the claims presented in this complaint, and will prevent the undue financial, administrative and

procedural burdens on the parties and on this Court which individual litigants and litigations would impose.

17. Proof of common practices by the City of San Diego of which the named plaintiffs' experiences are representative, will establish the right of each of the members of the plaintiff class to recover on the causes of actions herein alleged.

18. All of the plaintiffs were subject to a systematic course and pattern of practice and were thereby treated by the defendants in a similar manner, as is specifically alleged elsewhere in this complaint.

19. The plaintiff class is entitled in common to a specific fund with respect to the monies paid by or on the behalf of the plaintiff class to the defendants for services in connection with the legal representation of plaintiff class. The plaintiff class is entitled in common to damages for which the defendants are liable. This action is brought for the benefit of the entire class and will result in the creation of a common fund. The representative plaintiff will expend efforts and expense to prevail in this action from which other plaintiffs will derive benefits. This action will result in the conferral of substantial benefits, of both a pecuniary and a non-pecuniary nature.

## V.

## <u>COUNT ONE</u>

## VIOLATION OF CIVIL RIGHTS PROTECTED BY 42 U.S.C. §2002e-2

**(Against Defendant City of San Diego and DOES 1-10)**

20. Plaintiffs incorporate all previous paragraphs of her complaint as if fully set forth here.

21. 42 U.S.C. §2000e-2 states, in part, that "[i]t shall be an unlawful employment practice for an employer (1) to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ."

22. The employment and promotion practices of the defendants discriminate against women in that they are (1) denied promotions and (2) denied other opportunities for increased

pay.

23. Plaintiffs have exhausted all available administrative remedies before filing this complaint.

24. Each of the plaintiffs has been damaged by, among other things, failing to receive equal employment opportunities, including promotions and other employment privileges.

## VI.

## COUNT TWO

## GENDER DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940(a)

**(Against The CITY OF SAN DIEGO and DOES 11-20)**

25. Plaintiffs incorporate all previous paragraphs of this complaint as if fully set forth here.

26. California Government Code §12940(a) states that "[i]t shall be an unlawful employment practice . . . (a) for an employer, because of . . . sex . . . to refuse to hire or employ the person or refuse to select the person for a training program leading to employment . . . or to discriminate against the person in compensation or in its terms, conditions, or privileges of employment."

27. The employment and promotion practices of the defendants discriminate against women in that they are (1) denied promotions and (2) denied other opportunities for increased pay.

28. Plaintiffs have exhausted all available administrative remedies before filing this complaint.

29. Each of the plaintiffs has been damaged by, among other things, failing to receive equal employment opportunities, including promotions and other employment privileges.

WHEREFORE, plaintiffs pray for the following:

1. For general damages according to proof;
2. For special damages according to proof;
3. For pre-judgment interest;

4. For costs of the suit incurred by the plaintiffs;

5. For reasonable attorney's fees incurred by the plaintiffs;

6. For declaratory relief and injunctive relief; and

7. For such additional and further relief as this Court may deem just.

Dated: March 7, 2003

LAW OFFICES OF MICHAEL A. CONGER

By: ______________________
MICHAEL A. CONGER
Attorneys for Plaintiffs

Jury trial demanded.

# CIVIL COVER SHEET

ORIGINAL

The JS-44 c[redacted]sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

ERIN SNOW and LISA DARLING, individuals, on behalf of themselves and all others similarly situated

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

CITY OF SAN DIEGO

FILED
03 MAR 17 PM 1:01
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael A. Conger, Esquire
Law Offices of Michael A. Conger
16236 San Dieguito Rd., St. 4-14
P.O. Box 9374, Rancho Santa Fe, CA 92067

Attorneys (If Known) BY: DEPUTY

'03 CV 0527 L LSP

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 2000e-2

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE March 7, 2003 SIGNATURE OF ATTORNEY OF RECORD Michael A. Conger

FOR OFFICE USE ONLY

RECEIPT # 92228 AMOUNT 150 APPLYING IFP JUDGE MAG. JUDGE